UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TINA OXLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-09-21-JAW |
| | ) | |
| PENOBSCOT COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

Contending the Defendants lost or destroyed critical evidence, the Plaintiff moves for sanctions for spoliation. *Pl.'s Mot. for Sanctions for Spoliation of Evid.* (Docket # 106) (*Pl.'s Mot.*). The missing evidence includes a videotape of the Plaintiff's arrest, contemporaneous memoranda of correction officers Sally Pearson[1] and Hannah Simpson, and one or two forms that Plaintiff contends should have been completed after she was strip searched at the County Jail. The Court DENIES the Plaintiff's motion insofar as she asks the Court to sanction the Defendants by entering judgment in her favor (Docket # 106). *Collazo-Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 28 (1st Cir. 1998) (stating that the court views "dismissal with prejudice as a harsh sanction, which runs counter to our strong policy favoring the

---

[1] It is unclear whether the last name of the correction officer is Pearson or Pearce. The Plaintiff in her motion, the Defendants in their response, and Ms. Simpson in her affidavit all refer to her as Sally Pearson. *Pl.'s Mot.*; *Defs.' Resp. in Opp'n to Pl.'s Mot. for Sanctions* (Docket # 109); *Aff. of Hannah Simpson* Attach. 1 (Docket # 106). However, in their pretrial memorandum, the Defendants identify Sally Pearce as a potential witness and do not list Sally Pearson, and at oral argument, defense counsel stated that the correct name is Pearce. *Defs.' Final Pretrial Mem.* (Docket # 82).

disposition of cases on the merits") (citation and internal quotations and punctuation omitted).

The Plaintiff next seeks exclusion of unspecified evidence and in the alternative a negative inference jury instruction. *Pl.'s Mot.* at 3-7. These sanctions are among the sanctions a court may impose for spoliation. *Trull v. Volkswagen of Am., Inc.*, 187 F.3d 88, 95 (1st Cir. 1999); *Collazo-Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 29 (1st Cir. 1998)); *McLaughlin v. Denharco, Inc.*, 129 F. Supp. 2d 32, 36 (D. Me. 2001). As became clear at oral argument on August 6, 2010, the parties contest essential facts underlying the absent evidence, including whether some of the evidence ever existed. Other than concluding that to sanction the Defendants by issuing judgment in favor of the Plaintiff would not be justified under any view of the allegedly missing evidence, the Court cannot now determine what, if any, sanction would be appropriate. Resolution must therefore await trial.

At this point, the more likely sanction is a negative inference instruction to the jury, since the Plaintiff has not suggested what evidence should be fairly excluded to remedy the Defendants' asserted misconduct. *Sacramona v. Bridgestone/Firestone, Inc.*, 106 F.3d 444, 446 (1st Cir. 1997) (stating that a district court "has inherent power to exclude evidence that has been improperly altered or damaged by a party where necessary to prevent the non-offending side from suffering unfair prejudice").

To assist the parties, the Court notes the standards for imposing sanctions. The First Circuit has explained that a negative inference instruction for spoliation

2

is appropriate when the Plaintiff proffers sufficient evidence to permit a jury to find that the Defendant "knew of (a) the claim (that is, the litigation or the potential for litigation), and (b) the document's potential relevance to that claim." *Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir. 1998); *see also Jimenez-Sanchez v. Caribbean Restaurants*, LLC, 483 F. Supp. 2d 140, 145 (D.P.R. 2007). The First Circuit has cautioned that its case law "does not require bad faith or comparable bad motive" before a court can exclude evidence. *Trull*, 187 F.3d at 95. The First Circuit has also stated that "[f]airness to the opposing party . . . plays a substantial role in determining the proper response to a spoliation motion" and that a separate consideration is "punishment for egregious conduct." *Id.* at 95. Applying these principles, the Court will decide after it hears the spoliation evidence whether the Plaintiff has proffered sufficient evidence to warrant the jury instruction or other sanctions.

The Court DEFERS ruling on the portion of the Plaintiff's Motion for Sanctions for Spoliation of Evidence that seeks a sanction other than judgment for the Plaintiff (Docket # 106).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of August, 2010